[Civ. No. 18388.   Second Dist., Div. One.   Dec. 13, 1951.]

Estate of EMMA FROLING, Deceased.   ELINDA PAULINA PAULSSON, Appellant, v. ANN E. WARREN, as Administratrix, etc., et al., Respondents.

Walter G. Danielson for Appellant.

Dana R. Williams for Respondents.

DORAN, J.—This is an appeal "from the Decree determining Heirship" in the matter of the estate of Emma Froling.

As recited in appellant's brief, "The appellant, a niece of decedent, Emma Froling, filed herein a Petition to Determine Heirship in which she alleged that she along with certain other designated nieces and nephews, were the heirs at law of the decedent and the only persons entitled to participate in the distribution of the above estate.  Ann E. Warren, administratrix of the estate, filed a statement of

claim of interest in which she alleged that the real property in the estate had been the community property of the deceased and her predeceased husband, Hiram R. Froling and that a portion of it had come to decedent under the terms of his Last Will and Testament and a portion of said real property had come to the decedent by virtue of a joint tenancy between the said spouses. Said statement also alleged that the predeceased spouse Hiram R. Froling was survived by two daughters, the issues of a former marriage, to-wit, Tillie Froling Seif and Mae Wenger.

''After a hearing on the matter the trial court concluded that the real property had been the community property of the above decedent and her predeceased spouse Hiram Froling, and that the aforesaid daughters of the predeceased spouse were entitled to inherit the same. Appellant prosecutes this appeal from the decree determining that said daughters are entitled to succeed to the real property in the estate.''

Respondent concedes the foregoing to be a correct statement of the ''nature of the controversy'' and, in addition pointed out that, ''The basic question is whether two parcels of realty of which the decedent, Emma Froling, died, seized were her separate property or were the accumulated community property of Mrs. Froling and her predeceased spouse, Hiram Froling.''

It is contended on appeal that the evidence ''is insufficient to sustain the findings'' and that certain ''evidence relating to the character of the real property as community or separate property was for the most part hearsay, and was improperly admitted over the objection of the appellant.''

Primarily the issue, being one of fact, was for the trial court to determine. ■ Appellant's argument with regard to the inadmissibility of certain evidence may, from a strictly technical standpoint, be sound in some instances. However, no prejudice resulted therefrom. The evidence was sufficient to support the court's conclusions. ■ In such circumstances, as pointed out by respondents, the overall picture plays an important part. And, in such situations as presented by the evidence in the within action the ''status of the property may . . . appear from the surrounding circumstances.'' (*Long* v. *Long,* 88 Cal.App.2d 544 [199 P.2d 47].) ■ In that connection, as recited in respondents' brief, ''When it is shown that a man and a woman, in the lowest economic levels, marry each other, live together in utmost frugality

for over a quarter of a century, and at their demise leave an estate admittedly accumulated by them under purchase contracts calling for the lowest payments known to such contracts, an estate that is extremely modest even when measured by a most liberal standard, does not such selfsame situation sustain the view that such estate was the community accumulation of the parties? In many, many instances, we submit, by looking over the years of the long married life of parties, taking into account their humble beginnings, their long and slow process of accumulation and their constant and unswerving frugality, every suggestion that either was ever possessed of a separate estate is dispelled, and the judgment that the accumulated estate is of community character is irresistible.

"The admitted historical facts in our controversy impressively establish a factual situation from the survey of which no judgment would be defensible other than that the two parcels of realty in question are of community character."

The trial judge obviously reached the same conclusion.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.